UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 1:01-CR-145 |
| v. | ) | *Collier* |
| | ) | |
| TERRANCE LOWDERMILK | ) | |
| | ) | |

**M E M O R A N D U M**

Defendant Terrance Lowdermilk ("Defendant") has filed a *pro se* motion for return of certain property (Court File No. 23). Defendant requests an order requiring the Government to return property he alleges was illegally seized by the State of Tennessee.

Although it was ordered to do so by the Court on May 2, 2006 (Court File No. 32), the Government has not to date filed any response to this motion. The Court will construe the Government's failure to file a response as an indication it has no opposition to Defendant's request. For the following reasons, the Court will **GRANT** Defendant's motion for return of property (Court File No. 23).

**I.    RELEVANT FACTS AND PROCEDURAL HISTORY**

On May 29, 2001, Hamilton County Sheriff's Office Narcotics Detective Van Hinton and Tennessee Bureau of Investigations Special Agent Kenneth Blackburn executed a search warrant issued by the State of Tennessee at Terrance Lowdermilk's residence (*see* Court File No. 23, Exh. 1; *see also* Court File No. 1, Criminal Complaint, Affidavit of Van Hinton). The warrant is signed by Agent Blackburn, who listed as seized in the search, among other items, "$5,518 in U.S. currency" (Court File No. 23, Exh. 1). The affidavit attached to the criminal complaint states only

$4,834 in U.S. currency was found (Court File No. 1, Criminal Complaint, Affidavit of Van Hinton).

Defendant was indicted on four counts of distributing and possessing with the intent to distribute cocaine hydrochloride and marijuana, in violation of 21 U.S.C. § 841(a)(1), and one count of possession of ammunition after a felony conviction, in violation of 18 U.S.C. § 922(g)(1) (Court File No. 3). He pleaded guilty to two of the possession with intent to distribute counts and the felon in possession count (Court File No. 14) pursuant to a plea agreement (Court File No. 15) in which he agreed $4,834 in U.S. currency was found at his residence. He was then sentenced to a total term of imprisonment of 151 months (Court File No. 18).

Defendant did not directly appeal his judgment to the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit"), but did file a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, in part alleging his counsel was ineffective for failing to file a direct appeal (Case No. 1:03-CV-395). The Court granted the portion of his petition alleging his counsel failed to file a direct appeal, granting Defendant an out-of-time appeal but denying his other claims (Case No. 1:03-CV-395, Court File No. 11). Defendant filed a notice of appeal on January 11, 2006; that direct appeal remains pending.

## II. ANALYSIS

Defendant requests an order requiring return of the personal property seized during the search of his residence (Court File No. 23). Although Defendant does not explicitly state the basis for his motion, the Court presumes he is relying on Fed. R. Crim. P. 41(g) in this request. Defendant argues no criminal or civil forfeiture order was entered in this case, therefore the Government must return the currency to him.

2

Under Rule 41(g), "a person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return . . ." A motion pursuant to Rule 41(g) is treated as a civil action in equity when, as here, the owner of the property invokes the Rule after the conclusion of his criminal proceedings. *United States v. Dusenbery*, 201 F.3d 763, 768 (6th Cir. 2000).

Defendant has alleged he is aggrieved by the deprivation of property that was not subject to any forfeiture order. The Government has chosen to not contest Defendant's motion. Since the Government does not oppose Defendant's motion, the Court concludes Defendant has demonstrated good cause. For good cause shown, pursuant to Rule 41(g), the Court hereby **GRANTS** Defendant's motion for return of property (Court File No. 23).

### III. CONCLUSION

For all the foregoing reasons, therefore, the Court will **GRANT** Defendant's motion for return of property (Court File No. 23) and will **ORDER** the Government to return to him $5,518.00 in United States currency and other personal property seized in the search of his home on May 29, 2001.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**