UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 1:01-CR-145 |
| v. ) | Chief Judge Curtis Collier |
| ) | |
| TERRANCE LOWDERMILK ) | |
| ) | |

**M E M O R A N D U M**

Defendant Terrance Lowdermilk ("Defendant") has filed a *pro se* motion for return of certain property (Court File No. 23). On May 2, 2006, the Court ordered the Government to respond (Court File No. 32). The Government did not respond and the Court granted Defendant's motion for return of property on August 11, 2006 because it viewed the Government's lack of response as agreement with Defendant's position (Court File No. 37). On August 22, 2006, the Government filed a motion for reconsideration of the Court's order granting Defendant's motion (Court File No. 38). Defendant filed a response in opposition to the motion for reconsideration (Court File No. 40).

For the following reasons, the Court will **GRANT** the Government's motion for reconsideration (Court File No. 38) and **DENY** Defendant's motion for return of certain property (Court File No. 23).

I. **RELEVANT FACTS AND PROCEDURAL HISTORY**

On May 29, 2001, Hamilton County Sheriff's Office Narcotics Detective Van Hinton and Tennessee Bureau of Investigations Special Agent Kenneth Blackburn executed a search warrant issued by the State of Tennessee at Defendant's residence (*see* Court File No. 23, Exh. 1; *see also* Court File No. 1, Criminal Complaint, Affidavit of Van Hinton). The warrant is signed by Agent

Blackburn, who listed as seized in the search, among other items, "$5,518 in U.S. currency" (Court File No. 23, Exh. 1).

Defendant was indicted on four counts of distributing and possessing with the intent to distribute cocaine hydrochloride and marijuana, in violation of 21 U.S.C. § 841(a)(1), and one count of possession of ammunition after a felony conviction, in violation of 18 U.S.C. § 922(g)(1) (Court File No. 3). He pleaded guilty to two of the possession-with-intent-to-distribute counts and the felon-in-possession count (Court File No. 14) pursuant to a plea agreement (Court File No. 15) in which he agreed $4,834 in U.S. currency was found at his residence. He was then sentenced to a total term of imprisonment of 151 months (Court File No. 18).

Records of the Hamilton County Sheriff's Department indicate a Drug Asset Forfeiture Warrant was prepared by Investigator Kenneth Blackburn on May 30, 2001 (Court File No. 38, exh. A). The subject of the forfeiture warrant was $5,518.00 in currency seized from Defendant (*id.*). A Notice of Property Seizure and Forfeiture of Conveyances was prepared and served upon Defendant on July 2, 2001 (Court File No. 38, exhs. B, C). On September 27, 2001, the currency was formally seized by the Hamilton County Sheriff's Department pursuant to TENN. CODE ANN. § 40-33-206(c) (Court File No. 38, exh. D). The order of forfeiture served on Defendant outlined procedures he could initiate to review the seizure (Court File No. 38, exh. C). The procedures allowed Defendant to notify the Tennessee Commissioner of Safety within thirty days of his interest in the property (Court File No. 38, exh. D). Failure to request a hearing in a timely manner acted as a waiver of any rights in the seized property (*id.*). There is no record Defendant initiated any of the procedures outlined in the order of forfeiture (Court File No. 38).

## II. ANALYSIS

Defendant requests an order requiring return of the personal property seized during the search of his residence (Court File No. 23). Although Defendant does not explicitly state the basis for his motion, the Court presumes he is relying on Fed. R. Crim. P. 41(g) in this request. Defendant argues no criminal or civil forfeiture order was entered in this case, therefore the Government must return the currency to him. Although the Government did not file a timely response, in the motion for reconsideration, the Government does present evidence there was a forfeiture order issued by the state of Tennessee. There is no forfeiture record in the Court docket because the Government was never in possession of the property.

Under Rule 41(g), "a person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return . . . ." A motion pursuant to Rule 41(g) is treated as a civil action in equity when, as here, the owner of the property invokes the Rule after the conclusion of his criminal proceedings. *United States v. Dusenbery*, 201 F.3d 763, 768 (6th Cir. 2000).

The evidence clearly shows the federal government does not possess Defendant's property and has never possessed the property. Defendant's property was seized by the Hamilton County Sheriff's Department pursuant to Tennessee state law. Where the Government does not possess the property, it cannot return the property and a Rule 41 motion must be denied. *United States v. White*, 718 F.2d 260, 261 (8th Cir. 1983). *See also United States v. Solis*, 108 F.3d 722, 723 (7th Cir. 1997) ("Because the United States was not in possession of the vehicle at the time Mr. Solis filed his motion, and, indeed, had never been in possession of the vehicle, it is not the appropriate party from which to request its return."). If Defendant wishes to challenge the forfeiture, he must do so in

Tennessee state court because the property was seized and forfeited under state law.

### III. CONCLUSION

For all the foregoing reasons, therefore, the Court will **GRANT** the Government's motion for reconsideration (Court File No. 38) and **DENY** Defendant's motion for return of property (Court File No. 23).

An Order shall enter.

*/s/*
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**